IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY R. BIAFORE** | : | **CRIMINAL NO. 06-cr-822** |
| v. | : | |
| | : | |
| **TROY LEVI, et al.** | : | **CIVIL ACTION NO. 07-cv-4540** |

**MEMORANDUM AND ORDER**

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus.  If such a writ of habeas corpus is issued by a federal court, the prisoner will be released from either state custody or federal custody (as the case may be) on the grounds that his rights guaranteed by the United States Constitution have been violated; habeas corpus motions pursuant to AEDPA are the only possible means of obtaining this type of relief.  Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

By means of AEDPA, Congress ***intentionally*** created a series of ***restrictive gate-keeping conditions*** which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a writ of habeas corpus.  One such intentionally restrictive gate-keeping condition is AEDPA's ***strict and short statute of limitations***.  Another one of these intentionally restrictive gate-keeping conditions is AEDPA's so-called ***"second or successive rule"*** that generally forbids a litigant from filing a habeas if that litigant had at least one prior habeas that was dismissed with prejudice.

1

The strict AEDPA gate-keeping procedures were enacted by Congress in order to support the policy of creating finality with respect to state and federal criminal prosecutions.  Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001); Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004).

By means of AEDPA, Congress also provided that in the context of a petitioner who is in custody pursuant to a federal sentence, a writ of habeas corpus may issue pursuant to 28 U.S.C. §2255 (and not pursuant to 28 U.S.C. §2241) for constitutional attacks on the imposition of a federal conviction and/or a federal sentence, ***provided*** that the petition containing these said constitutional attacks is filed after the imposition of the sentence.

Pursuant to USA v. Miller, 197 F.3d 644 (3d Cir. 1999), this court may not re-characterize such a document that is purportedly seeking 28 U.S.C. §2241 relief as a 28 U.S.C. §2255 petition without first:

1. notifying the petitioner that the court believes it is really a §2255 petition purporting to be something else; ***and***,

2. warning the petitioner of all of the ramifications of AEDPA (including, but not limited to, the AEDPA statute of limitations, as well as the second or successive rule created by AEDPA); ***and***,

3. getting permission from the prisoner to re-characterize the petition as a 28 U.S.C. §2255 petition; ***and***,

4. informing the petitioner that he also has the option to voluntarily withdraw his submission.

Assuming that petitioner consents to the aforesaid recharacterization, then pursuant to Local Civil Rule 9.3(a), and Rule 2 of the Rules Governing 28 U.S.C. §2255 Proceedings in the United States District Courts, this petition was not filed with the

requisite <u>current</u> standard 28 U.S.C. §2255 form, prescribed by this court, effective December 1, 2004.  Aside from the dictate of the aforesaid rules of court, use of this court's current standard form in 28 U.S.C. §2255 habeas cases is necessary so as to guarantee that the defendant is made aware of the specific warnings required from this district court at the commencement of any 28 U.S.C. §2255 habeas case pursuant to <u>USA v. Thomas</u>, 221 F.3d 430 (3rd Cir. 2000) (which relates to the <u>*strict*</u> and <u>*short*</u> statute of limitations that exists for filing a 28 U.S.C. §2255 petition); and <u>USA v. Miller</u>, 197 F.3d 644 (3rd Cir. 1999) (which relates to the <u>*strict*</u> restrictions on filing a second or successive 28 U.S.C. §2255 petition) (these specific <u>Thomas</u> and <u>Miller</u> warnings are contained in the introductory text of this court's aforesaid current standard §2255 form).  Whereas all district courts within the Third Circuit are required to give petitioners in §2255 cases these <u>Thomas</u> and <u>Miller</u> warnings at the time of filing, that this court cannot "waive" the form requirements of Local Civil Rule 9.3(a).

      Accordingly, this _____ Day of November, 2007, it is hereby

**ORDERED** as follows:

    1.    The Clerk of Court shall furnish petitioner with a blank copy of this court's current standard form for filing a petition pursuant to 28 U.S.C. §2255 (bearing the above-captioned civil action number).

    2.    Petitioner shall notify this court within thirty (30) days whether he consents to the reclassification of 07-cv-4540 as a 28 U.S.C. §2255 petition, and, that if he does consent to such reclassification, he shall complete the enclosed 28 U.S.C. §2255 form and return it to this court.

    3.    Petitioner is formally placed on notice that if he insists that 07-cv-4540 proceed as a 28 U.S.C. §2241 petition, that 07-cv-4540 shall be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. §2241.

    4.    Petitioner is formally placed on notice that if he does not respond to this

Order within thirty (30) days, that 07-cv-4540 shall be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. §2241.

       **s/ JUAN R. SANCHEZ**
      **JUAN R. SANCHEZ, U.S. District Judge**